FILED
2020 Sep-14  AM 08:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HOLLIS SHAFFER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **BRIDGEWAY SERVICES, LLC,** | ) | |
| **AND, KERRY MATAYA,** | ) | |
| **individually** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

COMES NOW Plaintiff, Hollis Shaffer (hereinafter "Shaffer" or "Plaintiff"), and files this action against Defendants, Bridgeway Services, LLC (hereinafter "BSLLC" or "Defendant") and Kerry Mataya, individually (hereinafter "Mataya" or "Defendant"), collectively referred to as "Defendants," and seeks to recover for Defendants' violations of the Fair Labor Standards act of 1938 (FLSA), 29 U.S.C. §§ 201 et seq. and Defendants' breach of contract. Plaintiff hereby states and alleges the following:

**NATURE OF SUIT**

1.    The FLSA was passed by Congress in 1938. The principal Congressional

1

purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.      Plaintiff brings this action under the FLSA to recover from Defendants for their failure to pay him the federal statutory minimum wage of $7.25 per hour, and for unpaid overtime compensation for all hours he worked in excess of forty (40) hours per week. Plaintiff is also seeking liquidated damages and reasonable attorneys' fees and costs concerning the same.

3.      Plaintiff also brings this action to recover damages due to Defendants' failure to pay him his contracted wage of $20.00 per hour.

2

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

5.      Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended, 29 U.S.C. § 201, et seq., to recover unpaid statutory wages, overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

6.      Defendants are subject to personal jurisdiction in this district as they regularly do business throughout State of Alabama and Jefferson County for their business, including the one where Plaintiff was employed.

7.      At all times relevant to this case, Defendants were and have been an enterprise engaged in commerce as defined by §203(s)(1) of the Act.

8.      The Court also has supplemental jurisdiction over the state claims asserted herein pursuant to 28 U.S.C. §1367.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part of the events giving rise to Plaintiff's claims, occurred in and around Jefferson County, Alabama.

## PARTIES

10.      Plaintiff Shaffer was an hourly, non-exempt employee, who was

3

employed by Defendants as their administrative assistant and consultant for their education programs and/or after-school operations in Jefferson County, as well as the surrounding counties.

11.     Plaintiff Shaffer currently resides in Huntsville, Alabama, and is over the age of nineteen (19).

12.     At all relevant times to this action, Plaintiff was resident of Shelby County and Jefferson County.

13.     Plaintiff submits his written consent to become a party plaintiff to this lawsuit pursuant to 29 U.S.C. §216(b). (Exhibit 1: Plaintiff Shaffer's Signed FLSA Consent Form).

14.     Defendant Bridgeway Services, LLC (BSLLC) is an Alabama Limited Liability Company (Entity ID No.: 465-479) that operates and conducts educational services, counseling, training, and support services for autistic individuals in and around Jefferson County, Alabama.

15.     BSLLC's general business address is 130 Inverness Plaza, Suite 384, Birmingham, Alabama, 35242.

16.     Defendant Kerry Mataya is an individual who, upon information and belief, lives and resides in the State of Alabama, and conducts business in Jefferson County, Alabama, as the founding member, president, secretary, and executive

4

director of BSLLC.

17.     At all times relevant to this action, Defendant Mataya was an individual resident of the State of Alabama, who owns and operates Defendant BSLLC, and who regularly exercises the authority to: (a) hire and fire employees of BSLLC; (b) determines the work schedules for the employees of BSLLC; and (c) controls the contracts, finances and operations of BSLLC; and, by virtue of having regularly exercised that authority on behalf of BSLLC. Defendant Mataya is an employer as defined by 29 U.S.C. §201, et seq.

18.     At all material times hereto, Plaintiff was employed by Defendants in Jefferson County, Alabama, from May 2015 until September 14, 2018.

## FACTUAL ALLEGATIONS

19.     BSLLC and Defendant Mataya provide educational services, counseling, training, and support services for autistic individuals.

20.     Upon information and belief, BSLLC and Mataya caters their services to K1-12 students attending various schools and/or facilities in and around Jefferson County, Alabama.

21.     As BSLLC's founding member, president, secretary, and executive director, Defendant Mataya, supervised, managed, and controlled BSLLC's business and contract operations.

22.    Upon information and belief, Defendants earned at or above Five Hundred Thousand and 00/100 Dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

23.    Plaintiff Shaffer worked for Defendants from approximately May 2013 until September 14, 2018.

24.    From May 2015 - September 14, 2018, Defendants hired Plaintiff as their full-time administrative assistant and they agreed to pay  Plaintiff an hourly rate of $20.00 per hour.

25.    Despite their hourly payment arrangement, Defendants have failed to pay Plaintiff for all the hours he worked from May 2015-September 14, 2018.

26.    When Defendants chose to pay Plaintiff for the hours he worked during the period of May 2015-September 14, 2018,  Defendants did so at the rate of $20.00 per hour.

27.    Defendants controlled all aspects of Plaintiff's employment, as well as the tasks and programs Plaintiff was assigned to run on behalf of Defendants.

28.    Defendants tracked Plaintiff's work hours, but did not compensate him based on the hours he worked.

29.    Plaintiff routinely worked an averaged 65.85 hours per week as Defendants' full-time administrative assistant.

6

30.     Despite working an average of 25.85 hours of overtime per week during Plaintiff's full-time employment, Defendants never paid Plaintiff the rate of time and one half his regular rate of pay ($20.00 per hour).

31.     Defendants did not have any policies, procedures, and/or standard methods of recording time for its employees. Plaintiff reported the tasks he performed and the hours he worked to BSLLC's executive director and managing member, Defendant Mataya.

32.     At all relevant times, Plaintiff was Defendants' W-2 employee.

33.     In 2017, Defendants paid Plaintiff $21,200.00 despite the fact he averaged over 61 hours per week during that time.

34.     In 2018, Defendants paid Plaintiff $1,860.00, despite the fact he worked an average of 68.15 hours per week during that time.

35.     At all relevant times, Defendants purported to classify Plaintiff as a non-exempt employee for FLSA purposes.

36.     At all relevant times, Defendants had actual or constructive knowledge of Plaintiff's "on-the-clock activities," as well as their failure to comply with the FLSA.

37.     From May 2015-September 14, 2018, Defendants did not pay  Plaintiff the overtime compensation he was owed at the rate of time and one-half Plaintiff's

hourly rate of $20.00 per hour.

38.    From May 2015-September 14, 2018, Defendants did not pay plaintiff his hourly rate of $20.00 per hour for all the hours he worked.

39.    From May 2015-September 14, 2018, there were multiple times where Defendants did not pay  Plaintiff at least minimum wage of $7.25 per hour for the hours he worked.

40.    Defendants owe Plaintiff back pay at the rate of $20.00 per hour for all unpaid hours Plaintiff worked during Defendants' standard workweek.

41.    Plaintiff is entitled to overtime compensation at the rate of $30.00 per hour for all of the unpaid overtime hours he worked.

42.    Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff the federal minimum wage and his contracted rate.

43.    Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff based off minimum wage, as well as his contracted rate.

44.    Defendants knowingly and willfully failed to fulfill their record-keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

45.    Defendants did not act in good faith or reliance upon any of the

following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §

201, et seq., (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code

of Federal Regulations.

46.    At all material times hereto from May 2015 until September 14, 2018,

Plaintiff was an "employee" within the meaning of the FLSA.

47.    At all material times, Defendants were the "employer" as defined by

Section 203(d) of the FLSA.

48.    At all material times, Plaintiff was a covered employee under the FLSA

because his work for Defendants affected interstate commerce on a daily basis as a

cashier by taking payments from Defendants' customers who were in- and

out-of-state, or who processed payments and transactions that came from out of state

banks, credit card issuers, and store suppliers.

49.    At all material times, Defendants were, and continue to be, an "enterprise

engaged in commerce" within the meaning of the FLSA.

50.    As stated herein, Defendants were an enterprise covered by the FLSA,

and as defined by 29 U.S.C. §§ 203® and 203(s).

51.    At all material times, Defendants employed two (2) or more employees

that were engaged in interstate commerce. At all relevant times, Defendants'

enterprise has had two (2) or more employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce by any person such as lines of credit, food sales, fuel sales, and transportation goods, etc.

52.     At all material times, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

      a.    Operated instrumentalities of commerce;
      b.    Transported goods in commerce;
      c.    Used channels of commerce;
      d.    Traveled and transported company workers across state lines;
      e.    Performed consultant tasks which were controlled and supervised by BSLLC and Mataya;
      f.    Performed and carried out administrate tasks on behalf of BSLLC and Mataya;
      g.    Communicated across state lines; and/or
      h.    Performed work essential to any of the preceding activities.

53.     The work performed by Plaintiff was directly essential to BSLLC's and Mataya's business operations.

54.     On September 14, 2018, Plaintiff's employment with Defendants ended.

55.     Defendants did not pay Plaintiff any overtime compensation despite the fact that he worked well over the required forty (40) hours a week, entitling him to overtime pay at time and one-half for all hours he worked over forty (40) hours each week.

56.     At all material times hereto, Defendants intentionally failed and/or refused to pay Plaintiff according to the provisions of the FLSA.

57.     Defendants had a uniform policy and practice of consistently not compensating Plaintiff Shaffer for all the hours he suffered or was permitted to work during the workweek in below (40) hours per week.

58.     At all material times, Defendants had a uniform policy and practice of consistently requiring Plaintiff Shaffer to work below minimum wage for the majority of hours worked.

59.     Defendants had a uniform policy and practice of consistently requiring Plaintiff Shaffer to work over forty (40) hours per week without compensating him for any hours he worked during the workweek, including any hours worked over forty (40) during each workweek.

60.     Defendants had a uniform policy and practice of consistently not compensating Plaintiff Shaffer for hours he suffered or was permitted to work during the workweek in excess of forty (40) hours per week.

61.     In doing so, Defendants failed to make a good faith effort to comply with FLSA and 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff *at least* the minimum statutory wage rate of $7.25 per hour.

62.     Defendants failed to make a good faith effort to comply with FLSA and 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which

no provisions were made by Defendants to properly pay Plaintiff for any hours worked in excess of forty (40) within a work week.

63.   To date, Defendants have not paid the backpay and overtime pay Plaintiff is owed.

**COUNT I**
**Defendants' Violations of the Fair Labor Standards Act**
**(Brought Against <u>All</u> Defendants)**

Plaintiff re-alleges and incorporates herein by reference the allegations contained in the proceeding paragraphs (1-63).

64.   At all material times, Defendants agreed to pay Plaintiff an average hourly rate $20.00 per hour.

65.   From May 2015-September 14, 2018, Plaintiff suffered and was permitted to work for Defendants in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the rate of time and one-half his regular rate of pay.

66.   From May 2015-September 14, 2018, Defendants failed to pay Plaintiff the agreed upon regular hourly rate of $20.00 per hour for all regular workweek hours he suffered and/or was permitted to work for Defendants during the workweek.

67.   From May 2015 through September 14, 2018, Defendants failed to pay Plaintiff the federal minimum statutory hourly rate of $7.25 per hour for all regular

workweek hours he suffered and/or was permitted to work for Defendants during the workweek.

68.     From May 2015-September 14, 2018, Plaintiff suffered and was permitted to work for Defendants in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the rate of time and one-half his regular rate of pay ($20.00 per hour).

69.     Plaintiff was and is entitled to be paid time and one-half his regular rate of pay ($30.00 per Overtime Hour) for all the hours he worked in excess of forty (40) hours in a workweek.

70.     At a minimum, Defendants failed their obligation to pay Plaintiff the federal minimum wage rate of $7.25 per hour for all the hours Plaintiff worked for their enterprise.

71.     At a minimum, Plaintiff was and is entitled to be paid time and one-half the minimum wage rate of pay ($7.25) for all the hours he worked in excess of forty (40) hours in a workweek ($10.88 per Overtime Hour).

72.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

73.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to pay Plaintiff based upon his

contracted regular rate, failure to pay minimum wage, as well as their failure to lawfully compensate Plaintiff at the statutory base pay and overtime pay rates, when they knew, or should have known, such was, and is, due.

74.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

75.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for unpaid wages, lost compensation for all time worked over forty (40) hours per week, plus liquidated damages.

76.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

77.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4 with respect to Plaintiff.

78.     By virtue of their management policy, plan or decisions, BSLLC and Mataya acted jointly to intentionally deprive Plaintiff compensation based off the negotiated hourly rate of $20.00 per hour and/or at least minimum wage ($7.25 per hour).

79.      By virtue of their management policy, plan or decisions, BSLLC and Mataya acted jointly to intentionally deprive Plaintiff compensation for the overtime

hours he worked over forty (40) during the standard workweek for the period of May 2015-September 14, 2018.

## COUNT II
## BREACH OF CONTACT
### (Against ALL Defendants)

Plaintiff re-alleges and incorporates herein by reference the allegations contained in the proceeding paragraphs (1-79).

80.     On or about May 18, 2015, BSLLC and Mataya employed Plaintiff on an hourly basis to work as their administrative assistant.

81.     Starting on May 18, 2015, BSLLC and Mataya entered into an at-will employment contract whereby they agreed to pay Plaintiff $20.00 per hour and Plaintiff accepted the negotiated rate.

82.     Pursuant to Defendants' employment terms, Plaintiff agreed to work for Bridgeway Services and Mataya as their assistant and small group leader during their after-school social groups assisting students with HF-ASD in areas such as conversation, team-building activities, group behavior, and sports.

83.     From May 18, 2015 until September 14, 2018, Plaintiff Shaffer performed his duties well and without issue.

84.     Defendants never reprimanded Plaintiff during his employment for failing to follow and/or abide by Defendants' policies, guidelines, or procedures.

85.    From May 18, 2015 until September 14, 2018, Plaintiff worked as Defendants' full-time employee, whereby he averaged between sixty (60) and sixty-five (65) hours per workweek.

86.    From January 2017-September 14, 2018, Defendants paid Plaintiff $23,060.00.

87.    Despite averaging between 20-25 overtime hours per workweek from May 18, 2015 until September 14, 2018, Defendants did not pay Plaintiff for all the hours he worked and they never paid Plaintiff time and one-half for the overtime hours he worked.

88.    From May 18, 2015-September 2018, Defendants breached their contract by failing to pay Plaintiff at the rate of $20.00 per hour for all the hours he worked during the regular workweek.

89.    From May 18, 2015-September 2018, Defendants breached their contract further by failing to pay Plaintiff the overtime rate of $30.00 per hour for all the overtime hours he worked during the workweek.

90.    As a result of the actions and inactions plead herein, Defendants breached their covenant of good faith and fair dealing by not paying Plaintiff based on the negotiated hourly rate, as well as by refusing to pay Plaintiff for the overtime hours he worked for Defendants' enterprise.

91.     As a result of Defendants' breach, Plaintiff is entitled to recover compensatory, consequential, and incidental damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum and maximum hour provisions of the FLSA;

b.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek.

c.     Awarding Plaintiff backpay damages resulting from Defendants' failure to compensate him for each hour he worked under forty (40) hours during each workweek.

c.     Awarding Plaintiff liquidated damages in an amount equal to the award;

d.     Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.     Award Plaintiff compensatory, incidental, and consequential damages resulting from Defendants' breach of contract;

f.     Awarding Plaintiff pre-judgment interest;

g.     Ordering any other further relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated, this the 11th day of September, 2020.

RESPECTFULLY SUBMITTED,

s/ Daniel Patrick Evans
Daniel Patrick Evans
ASB-3209-R67G
Attorney for the Plaintiff
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
E-Mail: dpevans@evanslawpc.com

**Plaintiff's address:**

c/o The Evans Law Firm, P.C.

**Defendants' Addresses:**

**SERVE DEFENDANTS BY CERTIFIED MAIL:**

Bridgeway Services, LLC
1108 Morning Sun Drive
Birmingham, Alabama 35242

Ms. Kerry Mataya, M.S.Ed.
130 Inverness Plaza #384
Birmingham, AL 35242

*/s/ Daniel Patrick Evans*
Of Counsel

## EXHIBIT 1

### CONSENT TO BECOME A PARTY PLAINTIFF PURSUANT TO
### THE FAIR LABOR STANDARDS ACT

Pursuant to 29 §216(b) I submit my written consent to become a party plaintiff vindicate

and obtain the liability owed to me under the Fair Labor Standards Act lawsuit.

**Print Name:** Hollis        Hale        Shaffer
         (First Name)        (Middle Name)        (Last Name)

**Signature:**

**Mailing Address:**     ∃
         (Street)        (House/Apartment Number *if applicable*)

         (City)        (State)

**E-Mail
Address:**

**Home
Phone:**

**Mobile
Phone:**

**Emergency
Contact
Name:**

**Emergency
Contact
Number:**