UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HOLLIS SHAFFER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:20-cv-01361-JHE |
| BRIDGEWAY SERVICES, LLC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On February 24, 2021, Defendants Bridgeway Services, LLC ("Bridgeway") and Kerry Mataya ("Mataya," and collectively with Bridgeway, "Defendants") moved for leave to amend their answer to the complaint, seeking to assert a statute of limitations defense. (Doc. 14). Plaintiff Hollis Shaffer ("Shaffer") opposes that motion, (doc. 16), and Defendants have filed a reply in support, (doc. 17). For the reasons stated more fully below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

According to the complaint, Shaffer was employed by Defendants as an administrative assistant and consultant for education programs and after-school operations in Jefferson County and surrounding counties. (Doc. 1 at 3-4). Bridgeway is a company that provides education and related services for autistic individuals in Jefferson County, and Mataya is Bridgeway's founder. (*Id.* at 4-5). Shaffer worked for Defendants from approximately May 2013 until September 14, 2018. (*Id.* at 6). During that time, Defendants did not provide Shaffer time and a half pay for overtime hours he worked. (*Id.* at 6-8).

Shaffer's complaint asserts two counts: (1) an FLSA claim for unpaid overtime and/or minimum wages, alleging Defendants' violation was willful, (*id.* at 12-15), and (2) a breach of contract claim, (*id.* at 15-17).

## II. Analysis

In their motion, Defendants state that "upon further investigation of the Plaintiff's claims," they wish to amend their answer to include as a defense that Shaffer's claims are barred by the statute of limitations. (Doc. 14 at 1).

The scheduling order in this case provides that "all pleadings must be amended without the leave of Court by **December 30, 2020**." (Doc. 13 at 1) (emphasis in original). That deadline had passed as of February 24, 2021, the date of Defendants' motion. A party not entitled to amend as a matter of course "may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." FED. R. CIV. P. 15(a)(2). District courts have "broad discretion to grant or deny leave to amend." *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." *Id.* (citing *Foman*, 371 U.S. at 182).

Shaffer raises four objections to the amendment. First, Shaffer states the proposed amended answer does not comply with Federal Rule of Civil Procedure 8(b), which requires a party to "state in short and plain terms its defense to each claim asserted against it." (Doc. 16 at 4-5). In relevant part, the proposed amended answer asserts:

> 2. The Plaintiff's claim is barred by the statute of limitations based on further investigation of the Plaintiff's claims.
>
> 3. 29 U.S.C. § 255(a) provides that an action for unpaid minimum wages or unpaid overtime compensation must be commenced within two years after the cause of

> action accrued except a cause of action arising out of a willful violation must be commenced within three years after the cause of action accrued.
>
> 4. The Defendants amend their previous answer to reflect that the Plaintiff's claim of unpaid wages and unpaid overtime compensation is barred by the statute of limitations.

(Doc. 14-1 at 1-2, ¶¶ 2-4). This is entirely unlike *Cano v. S. Fla. Donuts, Inc.*, No. 09-81248-CIV-RYSKAMP, 2010 WL 326052 (S.D. Fla. Jan. 21, 2010), the non-binding case Shaffer cites in opposition, (*see* doc. 16 at 4-5). In that case, the court struck defenses that did not specify which of the plaintiffs' two counts they were intended to oppose, "leaving Plaintiffs unable to determine which of the affirmative defenses are being asserted as to which count," as well as other defenses that did not provide notice to the plaintiffs of how the defense applied. *Id.* at *2-3. Here, Shaffer knows what defense Defendants intend to assert and to which claim the defense is intended to apply. The defense as stated in the proposed amended complaint complies with Rules 8(b).

Shaffer's second objection is that Defendants have not shown good cause for the amendment. Shaffer highlights language in the scheduling order stating it governs the proceedings "unless modified for good cause shown." (Doc. 16 at 2) (quoting doc. 13 at 1). Based on this, Shaffer argues Defendants have not shown good cause for their amendment. (Doc. 16 at 6-9). "Good cause" is not the standard for amending a pleading; it is the standard for modifying a scheduling order under Rule 16. *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998) (under Rule 16(b)(4), a scheduling order should not be modified "unless the schedule cannot be met despite the diligence of the party seeking the extension"). To be fair, Defendants also referenced Rule 16(b)(4) in their motion. (*See* doc. 14 at 2). That does not mean it applies. The undersigned's standard scheduling order included in the "Civil Forms" portion of

3

his website includes language stating: "No causes of action, defenses, or parties may be added after [Click here to enter a date] as to plaintiff(s)and [Click here to enter a date] as to defendant(s)." *See* [https://www.alnd.uscourts.gov/sites/alnd/files/JHE%20Civil%20Scheduling%20Order.pdf](https://www.alnd.uscourts.gov/sites/alnd/files/JHE%20Civil%20Scheduling%20Order.pdf). By contrast, the parties' Rule 26(f) report indicates "the Parties propose that all pleadings must be amended by [sic] without the leave of court by **December 30, 2020**." (Doc. 10 at 1). This deadline, including language that mirrors the parties', is memorialized in the scheduling order.[1] (Doc. 13 at 1). Had the parties chosen to set an outer limit for amended pleadings, the undersigned would have incorporated that into the scheduling order. They did not, instead choosing to modify the court's standard language and set a deadline solely for amendments that do not require leave of court (i.e., amendments as a matter of course under Rule 15(a)(1)). Accordingly, the amendment is not a modification of the scheduling order requiring a showing of good cause.

The remainder of Shaffer's argument on this point is (1) an apparent discovery dispute that is not properly before the court and (2) an argument that Defendants have waived the right to assert a statute of limitations defense by not including it in their answer. (Doc. 16 at 8-9). The undersigned only addresses the latter of these. It is true that under Rule 8(c) of the Federal Rules of Civil Procedure, the affirmative defense of the statute of limitations must be asserted in a party's responsive pleading. *See* FED. R. CIV. P. 8(c). Shaffer asserts, with no authority to support it, that because the original answer did not include affirmative defenses, "[a]mended answers may not be used to correct Defendants' Counsel's failure to plead applicable affirmative defenses when Defendants responded to Plaintiff's complaint." (*Id.* at 8). Defendants point to *Hargett v. Valley*

---

[1] If the undersigned misinterpreted the parties' intention, neither side brought this to the court's attention.

*Fed. Sav. Bank*, 60 F.3d 754, 762 (11th Cir. 1995), a case in which the Eleventh Circuit found the same argument to be "meritless." (Doc. 17 at 2-3). In that case, the district court allowed a defendant to amend its answer to incorporate a statute of limitations defense through a motion filed more than five months after its first amended answer (which did not include the defense) and more than nine months after the complaint was filed. 60 F.3d at 758-59. The Eleventh Circuit looked to the Rule 15(a) standard, concluding the amendment caused neither prejudice to the plaintiff nor delay. *Id.* at 762-63. And the court specifically noted that whether or not a party has omitted the affirmative defense of the statute of limitations in its answer, "the defense is not waived if the litigant includes it in the pretrial order," which has the effect of amending the pleadings. (*Id.* at 63) (citation omitted). Shaffer's argument is not tenable in light of contradictory binding authority.[2] *See also Joplin v. Bias*, 631 F.2d 1235, 1237 (5th Cir. Unit A 1980) (affirming district court's decision to permit amendment, a year and a half after original answer, asserting statute of limitations defense).

Next, Shaffer contends the motion to amend fails to comply with the undersigned's orders. (Doc. 16 at 10-11). Shaffer points to the following violations: (1) failure by Defendants to confer with Shaffer prior to filing the motion; (2) failure to indicate whether the motions is opposed or unopposed; and (3) the untimeliness of the motion, as it was filed after the December 30, 2020 deadline for amended pleadings without leave of court. (*Id.*). The first of these is inapplicable, because it only applies to discovery disputes. (*See* doc. 12 at 1-3) (describing prerequisites to

---

[2] Shaffer further notes that "[c]ourts 'generally lack the ability to raise an affirmative defense sua sponte.'" (Doc. 16 at 8-9) (citing *Cutler Bay Apartments, LLC v. Bank of America, N.A.*, 805 F. App'x 996. Defendants are attempting to raise the defense by amendment to their answer, so this principle is irrelevant.

5

"filing any motion regarding a discovery dispute"). The second is a technical violation of the initial order, but not one that appears to have had any tangible consequences. The initial order indicates that motions that fail to comply "may be stricken." Although the undersigned reminds the parties that they must indicate whether motions are opposed or unopposed, the undersigned will not exercise the discretion to strike the instant motion given its nature and the fact that Shaffer almost certainly intended to oppose it all along. The third "violation" is not actually a violation at all. For the reasons explained above, the amendment is not untimely under the scheduling order.

Finally, Shaffer argues the amendment would be prejudicial. (Doc. 11-13). This is closer to the mark in that it addresses the Rule 15(a)(2) standard. Shaffer's argument is that Defendants' allegation of an "investigation" into his claims is unsupported, and in any case, Defendants waited "months after filing their responsive pleading" to move for leave to amend. (*Id.* at 12). This is presumably also an argument that Defendants delayed too long in moving to amend. Further, Shaffer indicates that he has begun the process of discovery and it would be prejudicial for the amendment to be permitted "after allowing Plaintiff to spend months in preparation of proving his claims." (*id.* at 12). Defendants respond that the case is early in litigation and they filed their motion shortly after Shaffer served discovery on them (January 29, 2021), and prior to their deadline to respond to discovery. (Doc. 17 at 3-5).

The undersigned finds allowing the amendment would cause Shaffer minimal prejudice, if any. Under the scheduling order, discovery is not due to be completed until September 3, 2021. (Doc. 13 at 2). Shaffer has known Defendants' statute of limitations defense was in the picture since February 24, 2021, so it is not an unfair surprise to him given the length of the discovery period remaining and the discovery remaining to be conducted. *See, e.g., Columbus Bank & Tr. Co. v. McKenzie Trucking & Leasing LLC*, No. 4:07-CV-189 (CDL), 2009 WL 3526648, at *5

(M.D. Ga. Oct. 23, 2009) (finding prejudice when depositions would have to be re-taken and motions re-filed as the result of a late amendment).  This is much more notice than the plaintiff received in *Hargett*, where the Eleventh Circuit found no prejudice or delay from a statute of limitations defense asserted immediately before the pretrial conference.  *See Hargett*, 60 F.3d at 762-63.  *See also Blonder-Tongue Laboratories, Inc., v. University of Illinois Foundation*, 402 U.S. 313, 350 (1971) (observing that the purpose of requiring a defendant to plead an affirmative defense in the answer "is to give the opposing party notice of the [defense] and a chance to argue, if he can, why the imposition of [the defense] would be inappropriate."). Furthermore, there is no indication Defendants delayed in seeking to assert the defense to try to obtain a tactical advantage.

Considering the above, the undersigned finds Defendants should be permitted to amend their answer to assert the defense.  However, the amended answer Defendants have proposed is unsuitable for filing for reasons unrelated to the statute of limitations defense.  As proposed, the amended complaint incorporates the entirety of the previous answer in a single paragraph, (*see* doc. 14-1 at 1, ¶ 1), and includes arguments relevant to leave to amend but irrelevant to Shaffer's claims, (*see id.* at 2, ¶¶ 5-7).  Defendants will be required to file a single, self-contained answer, including the paragraphs relevant to the statute of limitations defense and omitting the irrelevant paragraphs.

### III. Conclusion

For the reasons stated above, Defendants' motion is **DENIED** to the extent that they are not permitted to file their proposed amended answer.  However, it is **GRANTED IN PART** to the extent that Defendants may file an amended answer asserting the statute of limitations defense, consistent with the above instructions.  Defendants' amended answer is due by **June 16, 2021.**

DONE this 9th day of June, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE