# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HOLLIS SHAFFER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:20-cv-01361-JHE |
| BRIDGEWAY SERVICES, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Hollis Shaffer and Defendants Kerry Mataya and Bridgeway Services, LLC jointly move for approval of the parties' proposed settlement of Shaffer's claims for breach of contract and unpaid compensation brought pursuant 29 U.S.C. § 201, *et seq*., of the Fair Labor Standards Act ("FLSA"). (Doc. 35). The parties have also jointly moved for leave to file the "Settlement Agreement, Release, and Waiver" under seal. (Doc. 36). For the reasons set forth below, the motion for settlement approval (doc. 35) is **GRANTED**, and the court **APPROVES** the parties' settlement. Additionally, for the reasons articulated below, the parties' motion to file the settlement under seal (doc. 36) is **GRANTED**.

## I. Background Facts

Shaffer filed suit against Defendants Mataya and Bridgeway Services, LLC to recover unpaid backpay pursuant to the FLSA. (Doc. 1 at 12-15). Shaffer also asserts a breach of contract claim against Defendants. (*Id.* 15-17). The record indicates that a bona fide dispute exists

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.

regarding the amount of uncompensated wages and breach of contract damages Defendants owe Shaffer.

As to his breach of contract claim, Shaffer asserts Defendants failed to pay him the negotiated rate of $20.00 per hour during his employment while he acted as their assistant and small ground leader during their after-school social groups assisting students with HF-ASD in areas such as conversation, team-building activities, group behavior, and sports. (Doc. 35 at 7). Shaffer seeks compensatory damages for breach of contract. (*Id.* at 8). Defendants dispute that they breached this agreement. (*Id.*).

Shaffer asserts he is owed $40,800.00 in backpay, overtime, liquidated damages, contract damages, and attorney's fees and costs. (Doc. 35 at 9). The exact amount of damages owed has been difficult to ascertain due to the lack of time records, pay records, notes, logs, or a time keeping methodology. (*Id.* at 9-10). Defendants continue to dispute that they owe Shaffer an equal amount of liquidated damages because they maintain neither acted in bad faith. (*Id.* at 10). Thus, the parties agree the $35,000.00 in compensatory and liquidated damages effectuate the settlement of Shaffer's FLSA and breach of contract claim. (*Id.*).

The Parties, represented by and through their counsel of record, mediated this case before Magistrate Judge Danella on October 25, 2021, and engaged in good faith, arm's length negotiations. (Doc. 35 at 2, ¶¶4-5). Defendants agree that Mr. Shaffer is the prevailing party as defined by the FLSA. (*Id.* at 2, ¶6). While Defendants recognize Mr. Shaffer is the prevailing party, Defendants do not admit they willfully violated any provisions of the FLSA. (*Id.* at 2, ¶7). Through mediation, the Parties agreed to settle Shaffer's FLSA and breach of contract claims for $90,000.00, inclusive of attorneys' fees and costs. (*Id.* at 2, ¶8).

In exchange for receiving the settlement funds, the Parties agreed to keep the terms of the settlement confidential. (Doc. 35 at 3, ¶9). The Parties represent that the amount of Shaffer's backpay damages, liquidated damages, and compensatory contract damages were negotiated at arms-length and prior to any discussion of Shaffer's counsel's fees accrued while litigating Shaffer's FLSA claims. (*Id.* at 3, ¶10).

Under the Settlement Agreement, Defendants agree to pay Shaffer $35,000 in backpay wages to compensate him for the unpaid wages he earned from September 14, 2017-September 14, 2018. (Doc. 35 at 3, ¶11). The Settlement Agreement outlines that payment of Shaffer's Backpay Damages checks will be delivered to The Evans Law Firm, P.C. and over the following three installments:

(1) $11,666.67 on or before December 1, 2021;
(2) $11,666.67 on or before June 1, 2022;
(3) $11,666.66 on or before December 1, 2022.

(*Id.* at 3, ¶12). The checks concerning Shaffer's Backpay Damages will be made payable to Hollis Shaffer and the amounts will be subject to tax withholding and payroll deductions, whereby a W-2 will be issued. (*Id.* at 3, ¶13).

Defendants also agree to pay Shaffer $35,000 in compensatory and liquidated damages, whereby a 1099 will be issued. (Doc. 35 at 4, ¶14). The Settlement Agreement outlines that payment of Shaffer's compensatory and liquidated damages checks will be paid in the following three installments:

(1) $11,667.67 on or before December 1, 2021;
(2) $11,667.67 on or before June 1, 2022;
(3) $11,667.66 on or before December 1, 2022.

(*Id.* at 4, ¶15). Checks reflecting Shaffer's compensatory and liquidated damages will be made payable to The Evans Law Firm, P.C. as counsel for Hollis Shaffer. (*Id.* at 4, ¶16).

The Parties represent that, consistent with the standard articulated in *Lynn's Foods*, they have determined the amount of backpay Defendants owe Shaffer for 2018 before discussing attorneys' fees and costs. (Doc. 35 at 4, ¶17).

Defendants further agree to pay Shaffer's attorney's fees and costs in the amount of $20,000.00 to D. Patrick Evans of The Evans Law Firm, P.C. for litigating Mr. Shaffer's FLSA claim. (Doc. 35 at 4, ¶18). To prevent prolonging the resolution of Shaffer's case, Shaffer's counsel agreed to receive the $20,000.00 payment for handling Shaffer's FLSA claim over the following installments:

(1) $5,000.00 on or before December 1, 2021;
(2) $5,000.00 on or before June 1, 2022;
(3) $5,000.00 on or before December 1, 2022;
(4) $5,000.00 on or before June 1, 2023.

(*Id.* at 4-5, ¶19).

Notably, Shaffer's counsel has a contingency employment contract with Shaffer whereby he is to receive 40% of the total recovery of damages concerning Shaffer's claims. (Doc. 35 at 5, ¶21). Forty Percent of the total settlement recovery is $36,000.00. The $20,000.00 payment of attorney's fees for handling Shaffer's FLSA claim goes toward the total attorney's fees owed to Shaffer's counsel pursuant to the employment contract. (*Id.* at 5, ¶23). Under the Settlement Agreement, the remaining $16,000 owed to Shaffer's counsel for litigating Shaffer's state law claims shall be paid from the compensatory and liquidated damages portion of Shaffer's settlement and not the Backpay Damages owed to Shaffer. (*Id.* at 5, ¶ 24). Because this Court must approve the settlement before any funds are disbursed, the funds for the first installment payments are currently being held in trust by Defendants' counsel. (*Id.* at 5, ¶ 25).

## II. Analysis

### A. There Is a Bona Fide Dispute, Thus Shaffer's Recovery is Fair and Reasonable

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011). Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

Having reviewed the Joint Motion for Approval of Settlement (doc. 35) and the terms of the Settlement Agreement, the undersigned finds the parties' dispute as to the merits of the case is legitimate and the settlement is fair and reasonable.

### B. Reasonableness of Attorney's Fees

"Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). The Parties represent that, consistent with *Lynn's Foods*, they determined the amount of backpay Defendants owed Shaffer for 2018 before discussing attorneys' fees and costs. (Doc. 35 at 4 (¶17), 9). It is apparent the $20,000.00 being paid directly to Shaffer's attorney was agreed upon separately, without regard to the amount paid to Shaffer.

However, the Parties also agreed that Shaffer's counsel would receive an additional $16,000.00 in fees, to be paid from the portion allocated to liquidated and compensatory damages. This amount was intended to cover the difference between the agreed-upon fee settlement and Shaffer's counsel's 40% contingency fee. Although contingency fee arrangements are disfavored in the Eleventh Circuit in FLSA wage actions, *see Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009), the undersigned finds the method the parties chose to resolve Shaffer's claims addresses concerns that Shaffer's FLSA recovery was unfairly compromised to his detriment and his attorney's benefit. Specifically, under the supervision of Magistrate Judge Danella, the parties negotiated the amount of Shaffer's back pay and ensured the recovery of his wages was not compromised by the contingency fee arrangement. Although the contingency fee does affect

Shaffer's recovery of liquidated damages, which are commingled with his recovery of the breach of contract claim, the undersigned finds that under these unique facts "no conflict of interest taints the amount the wronged employee recovers under a settlement agreement," *Silva*, 307 F. App'x at 351, and thus that the attorney fees are fair and reasonable in this case.

### C. Confidentiality

"Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Hogan v. Allstate Beverage Co.*, 821 F. Supp. 2d 1274, 1283 (M.D. Ala. 2011) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708 (1945)). While an FLSA confidentiality provision is not per se unenforceable, a party seeking to include one must show compelling reasons why it should be upheld. *Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1280 (N.D. Ala. 2014). Courts routinely strike these provisions. *Id.* at 1289 (collecting cases).

Here, the undersigned finds the confidentiality provision permissible, given the non-FLSA claims and (as the parties point out (doc. 36 at 2)) that the material terms of the FLSA settlement are public. The undersigned has considered the settlement agreement submitted by the parties for in camera review and finds that no public interest would be served by putting it on the record that is not already served through the availability of the parties' motion for settlement approval. Therefore, the undersigned finds the parties have presented a compelling reason for their confidentiality provision, and this is the rare case where an FLSA settlement containing a confidentiality provision should be approved. The Clerk is **DIRECTED** to docket a copy of the settlement agreement under seal as an exhibit to this order.

### III. Conclusion

The undersigned finds Shaffer's FLSA claim represents a bona fide dispute over FLSA provisions, and the parties' settlement is a fair and reasonable resolution of this bona fide dispute. Additionally, the undersigned separately finds the attorney's fees portion of the settlement to be reasonable. Therefore, the joint motion for approval of the settlement (doc. 35) is **GRANTED**, and the settlement is **APPROVED**. The parties' motion to seal (doc. 36) is also **GRANTED**. A separate order will be entered.

DONE this 16th day of February, 2022.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE